# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | Case No. 1:09-cv-00809-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 1) |
| T. QUILLEN, | |
| Defendant. | |

## I. Screening Order

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 7, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Summary of Complaint

Plaintiff is a state prisoner currently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action allegedly occurred. Plaintiff names T. Quillen as Defendant.

Plaintiff alleges that on July 15, 2008, at approximately 1150 hours, Plaintiff was sitting in his assigned cell eating lunch. Defendant T. Quillen ("Defendant") approached the cell and yelled for Plaintiff. Defendant was conducting afternoon close custody count. Plaintiff pointed to his identification card taped at eye level at his cell door window. Defendant stated that Plaintiff had to say it. Defendant then returned to Plaintiff's cell with C/O Fuijtoka. Defendant told Plaintiff he was going to the program office, so he would have to cuff up. Plaintiff complied with Defendant's order.

After being handcuffed through the tray port, Plaintiff was pulled out of his cell. C/O Fuijtoka grabbed Plaintiff's ID card off the cell door window. Plaintiff was being taken to the program office to be placed in the holding cage. Defendant and Fuijtoka escorted Plaintiff down c-section to the side leading outside of the building. Once outside, Defendant shifted to the left side of Plaintiff, grabbed Plaintiff's left hand with Defendant's right hand and Plaintiff's left arm with Defendant's left hand. Defendant then started bending the left hand of Plaintiff's wrist and arm in an upward position, causing pain on Plaintiff's left arm, hand, and wrist. The pain intensified, and Plaintiff informed Defendant that he was hurting his arm, hand, and wrist. Defendant grunted and applied more pressure. On reaching the program office, Defendant tried

to slam Plaintiff against the wall and Plaintiff put his foot out to prevent his face from hitting the wall.

Plaintiff was placed in holding cage two. Defendant tried to push Plaintiff into the cage, and Plaintiff again had to put his foot out to prevent being slammed into the back cage. Defendant left the handcuffs on Plaintiff. After about an hour, Plaintiff shifted the handcuffs to the front to relieve pressure. Sgt. Martinez then came in, took off the handcuffs, and noticed that Plaintiff's left wrist was bleeding. Plaintiff explained what happened, and Sgt. Martinez then spoke with Defendant. Sgt. Martinez after several discussions with Plaintiff determined that Plaintiff was making a staff complaint. Lt. Wise then came, and informed Plaintiff that he could only place Plaintiff in ad seg for the staff allegations.

At 1250 hours, a nurse came into the cage area to examine Plaintiff and recommend that he be taken to the emergency room. An hour later, Plaintiff was taken into an office and two sergeants videotaped Plaintiff's injuries. At around 3:45 PM, Plaintiff was taken to the emergency room, where his arm, wrist ,and hand were x-rayed. The doctor verbally informed Plaintiff that he had a small fracture in his wrist. Plaintiff was retained in ad seg until October 24, 2008 until release back to general population.

Plaintiff alleges retaliation and excessive force. Plaintiff seeks declaratory relief, injunctive relief, compensatory and punitive damages, and attorney's fees.

### III.     Plaintiff's Claims

#### A.     Retaliation

Plaintiff alleges retaliation because of Plaintiff's right to remain silent and to file a staff misconduct complaint. (Doc. 1, Pl.'s Compl. 11.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff fails to state a cognizable retaliation claim regarding his right to remain silent. Plaintiff fails to allege that an adverse action was taken against Plaintiff because of any protected conduct. The right to remain silent as commonly understood is derived from the right to avoid self-incrimination, which is protected by the Fifth Amendment. There is no right to remain silent that derives from the First Amendment in this context.

Plaintiff does state a cognizable claim for retaliation regarding Plaintiff's placement in ad seg. Plaintiff alleges this was done because he had filed a staff complaint against Defendant.

### B. Eighth Amendment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

4

1  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
2  cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it
3  may also be proper to evaluate the need for application of force, the relationship between that
4  need and the amount of force used, the threat reasonably perceived by the responsible officials,
5  and any efforts made to temper the severity of a forceful response." Id. (internal quotations and
6  citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment
7  inquiry, but does not end it." Id.

8  Here, Plaintiff alleges a cognizable excessive force claim against Defendant.

## IV. Conclusion and Order

Accordingly, the Court HEREBY ORDERS the following:

1) This action proceed against Defendant T. Quillen for retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment; and

2) All other claims are dismissed with prejudice for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 13, 2009**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE