# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:09-cv-00809-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| T. QUILLEN, | (Doc. 13) |
| Defendant. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2010, Defendant Quillen ("Defendant") filed a motion to dismiss arguing that Plaintiff fails to state a cognizable claim for retaliation under Section 1983. (Doc. #13.) Plaintiff filed an opposition to Defendant's motion to dismiss on June 28, 2010. (Doc. #19.) Defendant filed a reply to Plaintiff's opposition on July 1, 2010. (Doc. #20.) Plaintiff filed another reply to Defendant's reply on July 12, 2010. (Doc. #21.) For the reasons set forth below, the Court will recommend that Defendant's motion to dismiss be granted and that Plaintiff's retaliation claim against Defendant be dismissed for failure to state a claim.

**I. Background**

    **A. Plaintiff's Complaint**

This action proceeds on Plaintiff's May 7, 2009 complaint. (Doc. #1.) Plaintiff's complaint raises claims under Section 1983 for the violation of his rights under the Eighth Amendment and for retaliation against the exercise of his First Amendment rights.

1

Plaintiff claims that Defendant was a correctional officer at Corcoran State Prison. On July 15, 2008, Defendant called out to Plaintiff while conducting "the afternoon close custody count." (Compl. 5-6, ECF No. 1.[1]) Plaintiff pointed at his identification card taped to his cell door window in response to Defendant's count. Defendant responded by telling Plaintiff to respond verbally and left. Defendant returned later with another correctional officer. The two officers escorted Plaintiff to the program office. Plaintiff was sent to "the cage" because he refused to talk to Defendant.

Defendant escorted Plaintiff outside and attempted to bend Plaintiff's left arm in a painful manner, despite Plaintiff's protests. When Plaintiff arrived at the program office, Defendant attempted to slam Plaintiff against a wall, but Plaintiff braced himself from the impact with his leg. Defendant attempted to slam Plaintiff into the cage, but Plaintiff braced himself again.

Plaintiff was left in the cage and later told other prison officials about how Defendant had attacked him. Plaintiff claims that lieutenant J. Wise told Plaintiff that he was going to be placed in administrative segregation "for making allegations against my staff." (Compl. 8, ECF No. 1.) Plaintiff claims that Wise placed him in segregation for making complaints about Defendant.

### B. Defendant's Motion to Dismiss

Defendant argues that he is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a cognizable claim for retaliation. Defendant's motion does not address whether Plaintiff's complaint states a claim under the Eighth Amendment.

Defendant notes that Plaintiff's retaliation claim is premised on the fact that Plaintiff exercised protected First Amendment conduct by making a complaint about Defendant assaulting Plaintiff and that Defendant retaliated by placing Plaintiff in administrative segregation. Defendant argues that Plaintiff's complaint fails to state a cognizable retaliation claim because Plaintiff's complaint indicates that Defendant was not responsible for placing Plaintiff in administrative segregation.

///

///

---

[1] Citations to Plaintiff's complaint refer to the page numbers as electronically docketed. The page numbering used by Plaintiff differs from the page numbers as electronically docketed.

**C.      Plaintiff's Opposition**

Plaintiff argues that he has stated a cognizable claim against Defendant for retaliation. Plaintiff contends that Defendant took an adverse action against Plaintiff because Plaintiff refused to speak to Defendant during the close custody count. Plaintiff claims that Defendant's actions "lead[sic] to more actions that placed Plaintiff in administrative segregation on July 15, 2008." (Plaintiff[sic] Opp'n to Defendants[sic] Mot. for Mot. to Dismiss 3:1-2, ECF No. 19.) Plaintiff also argues that Defendant violated Plaintiff's First Amendment rights when Defendant ordered Plaintiff to speak to Defendant during count.

**D.      Defendant's Reply**

Defendants argue that pursuant to the Court's October 14, 2009 order, Plaintiff's retaliation claim was based on Plaintiff's placement in administrative segregation in retaliation for filing complaints about Defendant. Since Defendant did not place Plaintiff in administrative segregation, Defendant argues that he cannot be liable under Plaintiff's retaliation claim. Defendant's argue that Plaintiff's arguments about being cuffed and removed from his cell out of retaliation for refusing to speak to Defendant are irrelevant.

On July 12, 2010, Plaintiff filed a surreply to defendant's reply.

**II.     Discussion**

**A.      Plaintiff's Surreply is Not Properly Before the Court**

Plaintiff's July 12, 2010 response to Defendant's reply is improper. In terms of proper motion practice, the Local Rules explicitly recognize the filing of a motion, an opposition to the motion, and a reply to the opposition. See Local Rule 230(b)-(d). The rules governing motion practice in prisoner actions also make reference to only a motion, opposition, and reply. See Local Rule 230(l). "All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first." Local Rule 230(l).

Neither the Federal Rules of Civil Procedure nor the Local Rules explicitly recognize Plaintiff's filing, otherwise known as a surreply. Plaintiff has not filed a motion requesting permission to file a surreply and the Court did not ask Plaintiff to submit a surreply. Thus, Plaintiff's filing is improper and the Court will not consider it while ruling on Defendant's motion to dismiss.

3

**B.    Failure to State a Claim**

    **1.    Federal Rule of Civil Procedure 12(b)(6) Standards**

Defendants contend that they are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's first amended complaint fails to state a claim. To survive a motion to dismiss for failure to state a claim, a complaint must meet the pleading standard set by Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Although the Court previously issued a screening order that expressly stated that Plaintiff stated a cognizable retaliation claim against Defendant Quillen, the Court finds that this finding does not foreclose Defendant's right to bring a motion to dismiss on the same grounds. See Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). The Court will consider the merits of Defendants' motion to dismiss.

    **2.    Plaintiff's Retaliation Claim**

In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989);

Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

In order to analyze Plaintiff's retaliation claim, the Court must first clarify the facts behind Plaintiff's retaliation claim.  The Court's October 14, 2009 screening order construed Plaintiff's claim as stemming from Plaintiff's exercise of his First Amendment right to file grievances against the government: Plaintiff alleged that Defendant Quillen took an adverse action against Plaintiff by sending him to administrative segregation because of Plaintiff's protected conduct in complaining about Quillen attacking Plaintiff.  However, Defendant correctly points out that Plaintiff alleged that lieutenant J. Wise placed Plaintiff in administrative segregation, not Quillen.  J. Wise was not named as a defendant in Plaintiff's complaint.  Plaintiff cannot hold Quillen liable for Wise's allegedly retaliatory actions.  Therefore, Plaintiff fails to state a cognizable claim against Defendant Quillen.

Plaintiff opposes Defendant's motion to dismiss by attempting to re-characterize the basis of his claim in two ways.  First, Plaintiff argues that Quillen is liable not for directly placing Plaintiff in administrative segregation, but for initiating a series of events that culminated in Plaintiff's placement in administrative segregation.  Plaintiff's tenuous theory of causation does not support a claim for retaliation.  See Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (standard of causation in Section 1983 cases "closely resembles the standard 'foreseeability' formulation of proximate cause").  On the facts alleged, Quillen cannot be said to have been the proximate cause of Plaintiff's placement in administrative segregation.  Further, Quillen's actions cannot be said to have been undertaken because of Plaintiff's exercise of protected conduct.  Plaintiff's argument is circular: Plaintiff is attempting to argue that Quillen took action against Plaintiff because of Plaintiff's complaints about Quillen's actions.  It is difficult to conclude that Quillen retaliated against Plaintiff for complaining about Quillen's actions.

5

Second, Plaintiff attempts to re-characterize his retaliation claim by arguing that Quillen retaliated against him for asserting his "right to remain silent." However, the Court rejected Plaintiff's retaliation claim premised on Plaintiff's refusal to verbally respond to Quillen and Plaintiff's retaliation claim based on Plaintiff's refusal to speak with Quillen was dismissed. The Court noted that the right to remain silent is a procedural right relevant only in criminal prosecutions, and is not relevant in this situation. The Court did not construe Plaintiff's silence as an exercise of free speech under the First Amendment. It is unclear what, if anything, Plaintiff was attempting express by refusing to respond to Quillen's order. Plaintiff provides no explanation as to why he refused the seemingly simple request to verbally respond to Quillen's order.

The October 14, 2009 screening order appears to erroneously overlook the fact that Plaintiff did not allege that Defendant Quillen placed Plaintiff in administrative segregation. Plaintiff's complaint alleged that lieutenant J. Wise was the prison official who placed Plaintiff in administrative segregation and the complaint alleges no facts to suggest that Quillen was involved in the placement. Thus, the Court erroneously determined that Plaintiff stated a cognizable claim against Quillen for placing Plaintiff in administrative segregation in retaliation for filing a staff complaint against Quillen. The Court finds that Plaintiff fails to state a claim against Defendant Quillen for retaliation and will recommend that Defendant's motion to dismiss be granted.

### C.     Leave to Amend

Although Plaintiff fails to state a cognizable claim against Defendant Quillen for retaliation, the deficiencies in Plaintiff's retaliation claim may be cured by alleging additional facts that establish the elements of a retaliation claim. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Accordingly, the Court will recommend that Plaintiff

be provided with the opportunity to file an amended complaint within 30 days that cures the deficiencies in his claims.

### III. Conclusion and Recommendation

The Court finds that Plaintiff fails to state a cognizable claim against Defendant Quillen for retaliation.  Plaintiff failed to allege that Quillen took any adverse action against Plaintiff after Plaintiff made complaints about Quillen's misconduct.  However, the deficiencies in Plaintiff's retaliation claim may be cured via amendment of the complaint.  Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed on February 16, 2010, be GRANTED;
2. Plaintiff's retaliation claim against Defendant Quillen be DISMISSED; and
3. Plaintiff be given thirty (30) days to file an amended complaint which cures the deficiencies in his retaliation claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 30, 2010**                            /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE