# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>    Plaintiff,<br><br>    v.<br><br>T. QUILLEN, et al.,<br><br>    Defendants.<br>    _____ / | CASE NO. 1:09-cv-00809-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A SETTLEMENT CONFERENCE<br><br>(ECF. No. 45)<br><br>ORDER STRIKING AMENDED COMPLAINT AND PLAINTIFF'S PRETRIAL STATEMENT<br><br>(ECF Nos. 46, 47) |

### I.    Procedural History

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. At this juncture, this action is proceeding on Plaintiff's first amended complaint, filed September 16, 2010, against Defendant T. Quillen for excessive force in violation of the Eighth Amendment and J. Wise for retaliation in violation of the First Amendment. On April 21, 2011, Plaintiff filed a motion for a settlement conference. (ECF No. 45.) On May 18, 2011, an amended complaint was lodged and on May 20, 2011, Plaintiff filed a pretrial statement. (ECF Nos. 46, 47.)

### II.    Motion for Settlement Conference

The Federal Rules of Civil Procedure authorize settlement discussions at any pretrial conference. Fed.R.Civ.P. 16(c)(9). While federal courts have the authority to require the parties to engage in settlement conferences, they have no authority to coerce settlements. Goss Graphic Systems, Inc. v. DEV Industries, Inc., 267 F.3d 624, 627 (7th Cir. 2001.) Defendants have not

indicated to the Court that they are willing to participate in a settlement conference. No settlement conference will be scheduled until such time as *both* parties agree to participate in one. Discovery in this action opened on March 31, 2011, and Defendant Wise has not yet been served. At this stage of the action, when discovery has just begun and all defendants have not been served, a request for a settlement conference is premature. Plaintiff is advised that this order does not preclude the parties from discussing settlement.

### III. Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff has previously filed an amended complaint and an answer has been filed. Plaintiff did not file a motion to amend, nor has the Court granted leave to amended. Therefore the amended complaint shall be stricken from the record.

### IV. Pretrial Statement

Plaintiff filed a pretrial statement. Discovery in this action has just begun and all parties are yet to be served. Once discovery is closed and dispositive motions have been decided the Court will issue a scheduling order directing the parties to file pretrial statements and other trial documents. Plaintiff's pretrial statement is premature and will be stricken from the record.

### V. Order

Accordingly, it is HEREBY ORDERED that:

1. Defendants motion for a settlement conference, filed April 21, 2011, is DENIED as premature;

2. Plaintiff's amended complaint, lodged May 18, 2011, is STRICKEN from the record; and

3. Plaintiff's pretrial statement, filed May 20, 2011, is STRICKEN from the record.

IT IS SO ORDERED.

**Dated:   May 23, 2011**                                     /s/ Sandra M. Snyder
                                                                                 UNITED STATES MAGISTRATE JUDGE