# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:09-cv-00809-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING AND INJUNCTIVE RELIEF |
| v. | |
| T. QUILLEN, et al., | (ECF. No. 64) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  At this juncture, this action is proceeding on Plaintiff's first amended complaint, filed September 16, 2010, against Defendant T. Quillen for excessive force in violation of the Eighth Amendment and J. Wise for retaliation in violation of the First Amendment.

On November 16, 2011, Plaintiff filed a pretrial statement and on November 21, 2011, an order issued striking the pretrial statement as premature.  On December 13, 2011, Plaintiff filed a motion stating that he received the order on December 9, 2011, and it had been opened.  Plaintiff alleges that Defendants are attempting to stop Plaintiff from responding in a timely fashion and requests an evidentiary hearing.  Plaintiff seeks an order directing Corcoran mailroom staff from opening his confidential mail and directing Defendants Quillen and Wise from tampering with the court proceedings.  (ECF No. 64.)

On December 27, 2011, Defendants filed an opposition to Plaintiff's motion.  Defendants

request the motion be denied as the court does not have jurisdiction in this action to grant the relief requested, Plaintiff is attempting to circumvent the exhaustion requirement of the Prison Litigation Reform Act, and there is no support for Plaintiff's allegations in the motion.

On January 4, 2012, Plaintiff filed a reply stating he requests an evidentiary hearing to show that his court mail was intentionally opened by mailroom staff.  Plaintiff received confidential mail from Defendant Wise and Quillen opened on December 30, 2011, which proves Defendants are behind the opening of his confidential mail.

The remedy plaintiff seeks in his request is a form of injunctive relief.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374.  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010).  This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

2

1   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

2   the Federal right." 18 U.S.C. § 3626(a)(1)(A).

3          In this instance the case or controversy requirement cannot be met in light of the fact that the

4   issue Plaintiff seeks to remedy in his motion bears no relation to the claim that prison guards used

5   excessive force and retaliated against him. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also

6   Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better

7   Env't, 523 U.S. 83, 102-04, 107 (1998). Because the case-or-controversy requirement cannot be

8   met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief.

9   Steel Co., 523 U.S. at 102-103. Also, since the relief sought would not remedy the violation of the

10  Federal right at issue here, the Court cannot grant the requested relief.

11         Finally, Plaintiff is unlikely to succeed on the merits of his claim as incoming mail from the

12  courts is not considered confidential legal mail, Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996),

13  and the Ninth Circuit has held that an isolated instance or occasional occurrence of opening legal

14  mail outside the inmate's presence does not rise to the level of a constitutional violation, Stevenson

15  v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

16         Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's

17  motion for an evidentiary hearing and injunctive relief, filed December 13, 2011, be DENIED.

18         These findings and recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)

20  days after being served with these findings and recommendations, Plaintiff may file written

21  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations." Plaintiff is advised that failure to file objections within the

23  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

24  1153 (9th Cir. 1991).

25         IT IS SO ORDERED.

26  Dated:   **January 25, 2012**          _____**/s/ Barbara A. McAuliffe**_____
                                           UNITED STATES MAGISTRATE JUDGE

27

28