# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:09-cv-00809-LJO-BAM (PC) |
| Plaintiff, | |
| v. | ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE |
| T. QUILLEN, et al., | (ECF No. 103) |
| Defendants. | |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. A telephonic trial confirmation hearing in this action is set for February 7, 2013, at 8:30 a.m. before the Honorable Lawrence J. O'Neill. On January 18, 2013, Plaintiff filed a motion in limine. (ECF No. 103.) By the motion, Plaintiff seeks an order (1) requiring Defendant Quillen to produce his personnel file for review; (2) reinstating J. Wise as a defendant in this action; and (3) requiring J. Wise to produce his personnel file.

Although Plaintiff's document is entitled "Motion in Limine No. 2 to Require Defendants Quillen and J. Wise Personnel Files to be reviwed [sic] be Plaintiff and to reinstate J. Wise as a[] Defendant," he essentially seeks to reopen discovery and compel production of personnel records and to obtain reconsideration of the Court's July 12, 2012 order granting Defendant Wise's motion for summary judgment. (ECF No. 86.)

Reopening Discovery

To the extent that Plaintiff is requesting to reopen discovery and to compel production, his

1

motion is DENIED. On March 31, 2011, the Court issued a Scheduling Order and set the deadline for completion of discovery as November 30, 2011. (ECF No. 40.) Modification of the scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show diligence, then the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). Plaintiff has made no showing of diligence in seeking to amend the scheduling order. The discovery deadline passed more than a year ago and Plaintiff has made no effort to seek a timely extension of such deadline.

<u>Reconsideration</u>

To the extent Plaintiff seeks reconsideration of the Court's July 12, 2012 order granting Defendant Wise's motion for summary judgment by way of a motion in limine, his motion is DISREGARDED as procedurally defective. Plaintiff is directed to Fed. R. Civ. Proc. 60 and Local Rule 230(j). In relevant part, Local Rule 230(j) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

If Plaintiff intends to file a motion for reconsideration, he is advised that his mere disagreement with a ruling is not grounds for reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

<u>Motions in Limine</u>

To the extent Plaintiff purports to file a motion in limine, such motion is DISREGARDED as premature. After considering the parties' pretrial statements, the Court will issue a pretrial

order establishing the deadlines to file motions in limine and oppositions to the motions in limine. Plaintiff may file any motion in limine <u>after</u> the Court sets the relevant deadlines for such motions.

IT IS SO ORDERED.

Dated: **January 22, 2013**              /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE