# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>           Plaintiff,<br><br>    v.<br><br>T. QUILLEN, et al.,<br><br>           Defendants. | CASE NO. 1:09-cv-00809-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 102) |

      Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2013, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Id. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

      In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that

1

Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 22, 2013**                              /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE