# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>                    Plaintiff,<br><br>     v.<br><br>T. QUILLEN, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-00809-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE<br>(ECF Nos. 116, 119)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 120)<br><br>ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE<br>(ECF Nos. 121, 122, 123, 125, 126) |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on September 16, 2010, against Defendant T. Quillen for excessive force in violation of the Eighth Amendment. Jury trial is set for March 19, 2013, at 8:30 a.m. The parties have consented to Magistrate Judge jurisdiction.

On March 12, 2013, Plaintiff's motions in limine, along with Plaintiff's motion for reconsideration regarding 602 evidence, and Defendant's motions in limine were heard before the Honorable Barbara A McAuliffe, United States Magistrate Judge. Plaintiff appeared telephonically on his own behalf. Kathleen Williams appeared telephonically on behalf of Defendant Quillen.

**I.     Motions in Limine**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). "[A] motion

in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

**II.     Discussion**

   **A.     Plaintiff's Motion in Limine No. 1 (ECF No. 116.)**

Plaintiff seeks an order allowing him to demonstrate slipping the handcuffs. Plaintiff anticipates that this demonstration (1) will show the jury that he did not injure himself by slipping the handcuffs and (2) will impeach the anticipated testimony of Defendant Quillen and of witness Fujioka that they observed Plaintiff injure himself by slipping the handcuffs.

Defendant opposes the motion for two main reasons. First, Defendant argues that Plaintiff is dangerous and a security risk, and he should not be allowed to demonstrate his ability to slip his handcuffs. To illustrate dangerousness, Defendant reports that Plaintiff was imprisoned in 1996 following his convictions for attempted murder, assault with a firearm and discharge of a firearm in a grossly negligent manner. While in prison, he committed two counts of battery on a non-prisoner. Additionally, on February 7, 2011, he was convicted for a 1995 murder. Exs. A-D to Def's Opp. Defendant also reports that Plaintiff is housed in the Security Housing Unit ("SHU") at Corcoran State Prison. According to California Department of Corrections and Rehabilitation ("CDCR") information, inmates whose conduct endangers the safety of others or the security of the institution are housed in SHU. Ex. E to Def's Opp. Defendant believes that allowing Plaintiff to demonstrate slipping the handcuffs would pose a risk to those in the courtroom because Plaintiff would need to

be unshackled.

Second, Defendant argues that the demonstration would be inherently unreliable, misleading, prejudicial and foundationally flawed. Defendant believes that Fed. R. Evid. 403 should render the re-enactment inadmissible. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendant contends that Plaintiff has made no showing that his re-enactment will be the same or substantially similar to what he did on July 15, 2008, because there is no indication that the handcuffs will be the same, that Plaintiff will be handcuffed in the same manner, that Plaintiff is the same weight and that the handcuffs will fit the same. Defendant therefore contends that any re-enactment may be prejudicial and may confuse the jury. Defendant also believes that if Plaintiff were to injure himself by slipping his handcuffs, he could mislead the jury by essentially hiding any pain or injury.

In this case, there is no dispute that the demonstration is relevant. While Defendant argues that the demonstration has the potential for prejudice, confusion and misleading the jury, it appears that these concerns can be addressed by rebuttal evidence. For example, Defendant can testify regarding his observations of the demonstration and how it differs from the events at issue in 2008. Insofar as Defendant believes that Plaintiff may attempt to hide any injury or pain, the jury will be able to observe Plaintiff throughout the duration of trial, not solely during the demonstration. Accordingly, the probative value of the demonstration is not substantially outweighed by a danger of prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403.

However, the Court's primary concern is the safety risk posed by the demonstration. The Court therefore DEFERS its ruling until the time of trial. At that time, Plaintiff's transporting officers can be questioned regarding the potential risks of the demonstration.

   **B.   Plaintiff's Motion in Limine No. 2 (ECF No. 119)**

Plaintiff seeks an order requiring Defendant Quillen to produce his personnel file at trial. Plaintiff believes that this file is necessary to demonstrate that Defendant Quillen has a history of attacking inmates and has been disciplined for assaulting Plaintiff and other inmates on various

1  dates. Plaintiff argues that Defendant Quillen's history indicates a propensity to be violent with
2  inmates.
3      The Court previously denied Plaintiff's request for Defendant Quillen's personnel file in the
4  Pretrial Order. (ECF No. 114.) Defendant Quillen opposes the renewed motion for his personnel
5  file for two additional reasons. First, Defendant points out that discovery in this matter closed on
6  November 30, 2011. If Plaintiff wanted Defendant's personnel file and did not receive it, then he
7  should have filed a motion to compel. As Defendant contends, Plaintiff should not be able to
8  circumvent the discovery cut-off date by asking for the documents at trial.
9      Second, Defendant argues that Plaintiff is requesting the personnel file in an effort to
10 introduce inadmissible character evidence. Evidence of a crime, wrong, or other act is not
11 admissible to prove a person's character in order to show that on a particular occasion the person
12 acted in accordance with the character. Fed. R. Evid. 404(b)(1).
13     As discussed at the hearing, discovery in this matter is closed, the Court has previously
14 denied Plaintiff's request and Plaintiff improperly seeks to introduce such evidence, if it exists, as
15 character evidence. Fed. R. Evid. 404(b). Accordingly, Plaintiff's motion in limine to require
16 Defendant Quillen to produce his personnel file is DENIED

17     **C.     Plaintiff's Objection/Request for Reconsideration Regarding Admissibility of
             Plaintiff's 602 Evidence (ECF No. 120)**
18
19     On July 23, 2012, Plaintiff filed his pretrial statement. In that statement, he identified the
   following proposed trial exhibits:
20
       CDCR 602 Appeals, Defendant's interrogatories [sic] responses, Admissions,
21     Discovery answers, Title 15, division 3, Regulations, title 15 division 2 Regulations,
       medical records, Defendant[']s file, [and] defendant Quillen post orders as of July 15,
22     2008.
23     On February 2, 2013, the Court held a telephonic trial confirmation hearing. At the
24 hearing, the Court discussed Plaintiff's proposed trial exhibits and informed Plaintiff that his
25 602s were not admissible. On February 8, 2013, the Court issued a Pretrial Order, which
26 reiterated that Plaintiff's 602s were not admissible. (ECF No. 144.)
27     On February 21, 2013, Plaintiff filed objections to the Court's determination that his 602s
28 were not admissible. Plaintiff argues that his 602s are relevant and admissible. Plaintiff also

4

argues that the Court is "very one-sided in this matter" because Defendant's motions are granted, but Plaintiff's motions are denied. Plaintiff believes the Court is unfair and is not impartial. (ECF No. 120.) Defendant counters that not only has the Court already ruled on this issue, but also that Plaintiff's 602 is inadmissible hearsay.

As discussed at the hearing, Plaintiff is precluded from introducing his 602 into evidence at this time and his request is DENIED WITHOUT PREJUDICE. Plaintiff can testify directly as to what he claims happened to him on July 15, 2008. In the event the 602 is necessary for impeachment or other permissible purpose, Plaintiff may raise the issue at trial and the matter will be taken up outside the presence of the jury.

**D. Defendant's Motion in Limine #1 to Preclude Plaintiff from Entering Into Evidence Possible Judgment Source (ECF No. 121)**

Defendant moves this Court for an order "precluding Plaintiff from mentioning, asking a question about or conveying to the jury any information about whether the State of California or the California Department of Corrections would be liable for paying any verdict for compensatory damages against him in this action." (ECF No. 121.)

At the hearing, Plaintiff represented to the Court that he does not intend on talking about whether the State or CDCR would be liable for paying any verdict. Accordingly, Defendant's motion in limine to preclude Plaintiff from raising this issue at trial is DENIED as moot.

**E. Defendant's Motion in Limine #2 to Preclude Evidence Relating to Dismissed Party or Dismissed Claims (ECF No. 122)**

Defendant seeks an order precluding Plaintiff from "referring to, commenting on, questioning any witness concerning, or in anyway conveying to the jury information about dismissed parties, dismissed claims or damages related to the dismissed parties or claims." (ECF No. 122.) Defendant's primary concern is that Plaintiff will attempt to testify that Lt. J. Wise retaliated against him by placing him in Ad-Seg despite both this claim and this defendant being dismissed from the action. Defendant believes such testimony should be precluded pursuant to Fed. R. Evid. 403, because it will confuse the jury and will unduly consume time. Defendant also requests that Plaintiff be instructed that his claim is limited to that of excessive force against Defendant Quillen.

Plaintiff responds that he "will not mention the retaliatory claim" due to it being dismissed, but is concerned that leaving "bit[s] and pieces out will in fact confuse the Jury." (ECF No. 137.) He wishes to testify regarding the whole incident, including that he "was placed into ad/seg due to . . . misconduct by Defendant Quillen." (ECF No. 137.)

As discussed at the hearing, Plaintiff is entitled to testify about the events surrounding the incident, including his placement in Ad-Seg and, provided it is admissible and not subject to objection, why he was placed in Ad-Seg. However, Plaintiff may not testify regarding dismissed parties or dismissed claims, such as his claim of retaliation. Accordingly, Defendant's motion in limine to preclude evidence relating to dismissed party or dismissed claims is GRANTED IN PART AND DENIED IN PART.

**F.    Defendant's Motion in Limine #3 to Preclude Plaintiff from Mentioning His July 3, 2008 Rules Violation Report or the Results of the Rules Violation Hearing (ECF No. 123)**

Defendant seeks an order precluding Plaintiff from referencing or otherwise introducing a Rules Violation Report dated July 3, 2008, and the finding of "not guilty" for delaying a count. (Ex. A to Def's Mot.) Defendant anticipates that Plaintiff will try to use this document to argue that he was not under any obligation to respond to Defendant Quillen on July 15, 2008, and thus Defendant Quillen "was a rogue officer who used excessive force because plaintiff would not respond to him." (ECF No. 123.)

Defendant primarily argues that the July 3, 2008 report is not relevant because it involved a different officer, in a different building, under a different set of circumstances. Defendant explains that on July 3, 2008, Plaintiff's picture identification was on the cell door window and allowed the officer to identify the Plaintiff. The report was given to Plaintiff for delaying the count, but was found "not guilty." (See Ex. A.) In contrast, Defendant claims that on July 15, 2008, Plaintiff was in a different building, Plaintiff and Defendant did not know each other, Plaintiff's picture was not on his cell door and Defendant could not identify him.

Defendant also argues that (1) the report would confuse the jury and waste time; (2) Plaintiff has listed no witness who would authenticate the document; and (3) the document is hearsay.

6

1    Plaintiff counters that this document should be allowed into evidence because it "will
2 prove Plaintiff's i.d. was on the door and Defendant was able to identify Plaintiff by his i.d." and
3 it will prove "the rules of CDCR and Corcoran follow[s] these set of rules that Plaintiff's
4 followed on July 3, 2008 and July 15, 2008."  (ECF No. 136.)  Plaintiff also argues that the
5 document will prove Defendant's action on July 15, 2008, and that Plaintiff did not have to
6 respond to Defendant.  Plaintiff believes the document will not confuse the jury and will help
7 them understand the rules within the institution.  He also believes it is a true and correct
8 document and will not take up time.

9    Contrary to Plaintiff's arguments, the July 3, 2008 document will not "prove" any facts
10 regarding the issue of whether Defendant used excessive force on July 15, 2008.  As pointed out
11 by Defendant, the report involves different officers and different circumstances, and thus is not
12 relevant to whether Defendant used excessive force on July 15, 2008.  Fed. R. Evid. 401.
13 Additionally, the document is hearsay; that is, an out-of-court statement offered for the truth of
14 the matter.  Fed. R. Evid. 801(c)(1),(2); Fed. R. Evid. 802.  Plaintiff's opposition clearly
15 indicates that he intends to offer the statements and the "not guilty" finding for the truth of the
16 matter asserted.

17    Although Plaintiff proposes using the exhibit to establish prison rules regarding counts,
18 Plaintiff is not precluded from testifying regarding what is required of prisoners during a count or
19 his customs and habits during such counts.  Defendant's motion in limine to preclude Plaintiff
20 from mentioning his July 3, 2008 rules violation report or the results of the rules violation
21 hearing is GRANTED.

22    **G.    Defendant's Motion in Limine #4 to Preclude Plaintiff from Claiming an
          Unidentified Health Care Provider Told Him His Wrist Was Fractured (ECF
23        No. 125)**

24    Plaintiff alleges that a doctor told him "a small fracture was detected in the wrist." (ECF
25 No. 26, p. 10.)  Plaintiff also testified that he was told by someone in the x-ray room that he had a
26 fracture "maybe between his wrist and hand."  (Ex. A to Def's Mot.)  As none of the medical
27 records or x-ray reports show that Plaintiff sustained any fracture, Defendant seeks to preclude
28 Plaintiff from referencing or otherwise mentioning that he was told by a doctor that his wrist was

7

fractured. Defendant contends that such testimony would be hearsay to which there is no exception. Fed. R. Evid. 801. Defendant also contends that the purported diagnosis would be highly prejudicial and would only serve to confuse and mislead the jury. Fed. R. Evid. 403.

As discussed at the hearing, Plaintiff's anticipated testimony that a doctor told him he had a fracture is hearsay. Fed. R. Evid. 801. There is no indication that such statement falls within a recognized exception to the rule against hearsay. Accordingly, Defendant's motion in limine to preclude Plaintiff from claiming an unidentified health care provider told him his wrist was fractured is GRANTED.

### H. Defendant's Motion in Limine #5 to Preclude the Presentation of Unauthenticated Records (ECF No. 126)

Defendant seeks an order precluding Plaintiff from reading, showing to the jury, or otherwise referring to, unauthenticated medical records identified by Defendant as ECF No. 73-1, pp. 5, 6, 7, 283, 284, 286, 287, 296 and 297. (Attached.) Defendant contends that these records will not be authenticated and are hearsay. Fed. R. Evid. 801, 901. Defendant also contends that the records are prejudicial and misleading because the jury would be left to speculate about the causal connection between the symptoms and diagnoses and Plaintiff's claim of excessive force. Fed. R. Evid. 403.

Plaintiff did not file a written opposition to the motion. He also did not identify any medical records in his Exhibit List (ECF No. 135) or identify any medical providers as witnesses in his pretrial statement. It appears that Plaintiff is unable to produce a witness to authenticate these documents or to provide medical testimony regarding their meaning. Fed. R. Evid. 901(a). Accordingly, Defendant's motion in limine to preclude the presentation of unauthenticated records is GRANTED. As stated at the hearing, Plaintiff is not precluded from testifying regarding his alleged injury, including pain or other symptoms.

### III. Conclusion and Order

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion in Limine No. 1 to Allow Plaintiff to Demonstrate Slipping Handcuffs is DEFERRED until time of trial;

    2.      Plaintiff's Motion in Limine No. 2 to Require Defendant Quillen to Produce His File (Personal) at Trial is DENIED;

    3.      Plaintiff's Motion for Reconsideration of Plaintiff's Request to Submit Plaintiff's 602 Evidence is DENIED WITHOUT PREJUDICE;

    4.      Defendant's Motion in Limine #1 to Preclude Plaintiff from Entering Into Evidence Possible Judgment Source is DENIED as moot.

    5.      Defendant's Motion in Limine #2 to Preclude Evidence Relating to Dismissed Party or Dismissed Claims is GRANTED IN PART and DENIED IN PART.

    6.      Defendant's Motion in Limine #3 to Preclude Plaintiff from Mentioning His July 3, 2008 Rules Violation Report or the Results of the Rules Violation Hearing is GRANTED.

    7.      Defendant's Motion in Limine #4 to Preclude Plaintiff from Claiming an Unidentified Health Care Provider Told Him His Wrist Was Fractured is GRANTED; and

    8.      Defendant's Motion in Limine #5 to Preclude the Presentation of Unauthenticated Records is GRANTED.

IT IS SO ORDERED.

Dated:   March 12, 2013                /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE