UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>T. QUILLEN, <br><br>　　　　　Defendant. | Case No.: 1:09-cv-00809-BAM PC <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR TRIAL TRANSCRIPTS <br><br> (ECF No. 160) |

### I.　　Introduction

Plaintiff Lamont Shepard ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 7, 2009. (ECF No. 1.) The matter proceeded to a jury trial on March 19, 2013. The jury returned a special verdict in favor of Defendant Quillen on March 20, 2013, and judgment for Defendant Quillen was entered on March 26, 2013. (ECF Nos. 153, 154.) Plaintiff appealed to the Ninth Circuit Court of Appeals. (ECF No. 155.) Currently pending before the Court is Plaintiff's motion for trial transcripts at government expense, which was filed on April 29, 2013. (ECF No. 166.)

### II.　　Discussion

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903, 112 S.Ct.

1

291, 116 L.Ed.2d 236 (1991). Two statutes must be considered whenever the district court receives a request to prepare transcripts at government expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances in which the court can direct payment by the United States for printing the record on appeal for an indigent litigant. Section 1915(c) provides:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts on appeal only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984).

Based on Plaintiff's notice of appeal, which is devoid of any information or basis of appeal, the Court cannot find that the appeal presents a substantial question and the request for a trial transcript at government expense shall be denied. Plaintiff is notified that the appellate court will request any necessary documents that are in the record directly from this Court. However, Plaintiff may renew his request for a transcript at government expense with the appellate court by filing a motion in that court.

### III. Conclusion and Order

Based on the above, Plaintiff's motion for trial transcripts at government expense is DENIED.

IT IS SO ORDERED.

Dated:   **May 20, 2013**              /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE