# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>    Plaintiff,<br><br>v.<br><br>J. WISE,<br><br>    Defendant. | Case No.: 1:09-cv-00809-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FUNDS<br><br>[ECF No. 191] |

Plaintiff Lamont Shepard is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 24, 2017 a settlement conference was held in this matter before Magistrate Judge Stanley A. Boone, at which this case settled. (ECF No. 186.) On March 29, 2017, a joint stipulation for dismissal with prejudice was filed, (ECF No. 188), and on March 30, 2017, this case was closed, (ECF No. 189).

On July 5, 2017, Plaintiff filed a motion for funds, stating that his sister received some, but not all, of the settlement amount agreed to, and seeking for the Court to intervene and order Defendants to fulfill the terms of the settlement agreement. (ECF No. 191.) On August 1, 2017, the Court directed Defendant to respond to Plaintiff's motion. (ECF No. 192.)

On August 15, 2017, Defendant filed an opposition to Plaintiff's motion with declarations in support. The time for any reply to this motion has passed, and none was filed. The motion is deemed submitted. Local Rule 230(l).

1

Defendant argues that Plaintiff's motion should be denied because the terms of the settlement agreement have been fulfilled, and regardless that this Court lacks jurisdiction to grant Plaintiff any relief in enforcing the terms of the settlement agreement. Defendant explains in detail that a certain portion of the settlement amount was paid to Plaintiff's restitution obligation and for administrative fees, and Plaintiff's payee received the balance of the settlement amount after payment of these other amounts, as set forth in the terms of the settlement agreement.

Regarding jurisdiction, a dismissal by stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as occurred in this case, does not necessarily provide jurisdiction for the court over a dispute arising out of an agreement that produces the stipulation. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Neither the stipulation nor the order regarding dismissal in this case provided that this court would retain jurisdiction over the settlement agreement for enforcement of its terms. Furthermore, Plaintiff has not shown that any provision of the settlement agreement itself provided that its terms would be enforced by this court, which may have created jurisdiction in this court over disputes regarding an alleged breach of that agreement. See id. at 381. Therefore, Plaintiff's motion must be denied for lack of jurisdiction.

For these reasons, Plaintiff's motion for funds is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **September 27, 2017**

UNITED STATES MAGISTRATE JUDGE